IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MIKE HOULIHAN, d/b/a BLAGUARDS )
PRODUCTIONS, )
          ) JUDGE RONALD GUZMAN
    Plaintiff, )
          ) MAGISTRATE JUDGE SCHENKIER
    vs. )
          ) **00C 3390**
MALACHY McCOURT and FRANK )
McCOURT, ) **JURY DEMANDED**
          )
    Defendants. )

## COMPLAINT AT LAW

### Count I

NOW COMES the Plaintiff, MIKE HOULIHAN, d/b/a BLAGUARDS PRODUCTIONS, by and through his attorneys, LAW OFFICES OF EDMUND J. SCANLAN LTD., and as his complaint against the Defendants, MALACHY McCOURT and FRANK McCOURT, state as follows:

### Count I

1. Plaintiff, MIKE HOULIHAN, d/b/a BLAGUARDS PRODUCTIONS, is a citizen of the State of Illinois.

2. Defendants, MALACHY McCOURT and FRANK McCOURT, are citizens of the State of New York.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

4. That on February 17, 1984, MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS, as producer, and MALACHY McCOURT and FRANK McCOURT, as authors, entered into a contract which is attached hereto and marked as Exhibit A.

5. That on December 2, 1986, MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS, as producer, entered into a modification of the February 17, 1984 agreement with MALACHY McCOURT and FRANK McCOURT as it relates to the section entitled "subsidiary rights", attached hereto as Exhibit B is a copy of said modification.

6. That pursuant to paragraph (e) of Exhibit B, the defendants, MALACHY McCOURT and FRANK McCOURT, agreed to account in writing to the plaintiff, MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS, the producer, as to activity and sharing on the play quarterly commencing April 1, 1987.

7. That pursuant to the section entitled "subsidiary rights", the plaintiff, MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS, was entitled to forty percent (40%) of 6.5% of the gross weekly receipts of live performances of "A Couple of Blaguards".

8. That pursuant to section (b) of Exhibit B, the plaintiff, MIKE HOULIHAN, d/b/a BLAGUARDS PRODUCTIONS, and the defendants, MALACHY McCOURT and FRANK McCOURT, agreed that the fifteen (15)

2

year time frame referred to in the subsidiary rights section of Exhibit A would commence on June 15, 1985, pursuant to paragraph (c) of Exhibit B.

9. That notwithstanding the provisions of the contract entered into on February 17, 1984 (Exhibit A) and the modification of that agreement entered into on December 2, 1986 (Exhibit B), the Defendants, MALACHY McCOURT and FRANK McCOURT, have breached the contract with the Plaintiff, MIKE HOULIHAN, d/b/a BLAGUARDS PRODUCTIONS, in one or more of the following respects:

  (a) failed to account in writing to plaintiff as to activity and sharing on the play quarterly, in contravention of paragraph (e) of Exhibit B;

  (b) failed to pay plaintiff, MIKE HOULIHAN, 40% of 6.5% of the gross weekly receipts of all live performances of "A Couple of Blaguards", in contravention of paragraph (a) of Exhibit B;

  (c) that the plaintiff, MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS, has requested from the defendants, MALACHY McCOURT and FRANK McCOURT, a complete accounting of the live performances of "A Couple of Blaguards" as to activity and sharing but defendants have only provided a partial accounting as to the activity of the live performances.

10. That the plaintiff, MIKE HOULIHAN, d/b/a BLAGUARDS PRODUCTIONS, has requested from the defendants, MALACHY McCOURT and FRANK McCOURT, his forty percent (40%) of the 6.5% of the gross weekly receipts of all the live performances of "A Couple of Blaguards", but defendants,

MALACHY McCOURT and FRANK McCOURT have only provided payment on some of the live performances from the time frame of December 2, 1986 through June 15, 2000.

11. That based on information and belief, the Plaintiff, MIKE HOULIHAN, d/b/a BLAGUARDS PRODUCTIONS, believes that live performances of "A Couple of Blaguards" has taken place in the following venues during the time frame of December 2, 1986 through June 15, 2000, for which he has received neither an accounting nor his forty percent (40%) of the 6.5% of the gross weekly receipts:

a) Sacramento, California (B Street Theater)
b) Tuscon, Arizona
c) Phoenix, Arizona
d) St. Paul, Minnesota
e) Dublin, Ireland - 1998
f) Limerick, Ireland - 1998
g) Yankton, South Dakota (Dakota Theater)
h) Maryland (Olney Theater)
i) Pittsburgh, Pennsylvania
j) San Francisco, California
k) Boston, Massachusetts
l) Rapid City, South Dakota
m) Cruise ship tour to India, Africa and Sri Lanka

The above list is only a partial list of which plaintiff is aware that live performances were performed and is not intended to exclude other performances that defendants have neither accounted nor shared with plaintiff his share of the gross weekly receipts.

WHEREFORE, the plaintiff, MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS, respectfully requests this Honorable Court to:

4

a)　　　order the defendants, MALACHY McCOURT and FRANK McCOURT, to provide in writing a complete accounting as to the activity and gross weekly receipts of all live performances of "A Couple of Blaguards" commencing April 1, 1987 through June 15, 2000;

b)　　　enter judgment for the plaintiff, MIKE HOULIHAN, d/b/a BLAGUARDS PRODUCTIONS, against MALACHY McCOURT and FRANK McCOURT, for forty percent (40%) of the 6.5% of the gross weekly receipts of all live performances of "A Couple of Blaguards" that the defendants, MALACHY McCOURT and FRANK McCOURT, have failed to pay plaintiff; and

c)　　　for any and all further relief that this Court feels just, including but not limited to attorney's fees, costs and pre-judgment interest.

## Count II

NOW COMES the Plaintiff, MIKE HOULIHAN, d/b/a BLAGUARDS PRODUCTIONS, by and through his attorneys, LAW OFFICES OF EDMUND J. SCANLAN LTD., and as his complaint against the Defendant, FRANK McCOURT, states as follows:

1.-5.　The plaintiff realleges and readopts paragraphs one through five of Count I as and for paragraphs one through five of Count II as though fully set forth herein.

6.　　That pursuant to the "subsidiary rights" as contained in Exhibit A and Exhibit B, the plaintiff, MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS, is entitled to the subsidiary rights which include the royalties from any publications or books that are connected with the play or with a character in the play.

5

7. That defendant, FRANK McCOURT, subsequent to the production of "A Couple of Blaguards" wrote a book entitled Angela's Ashes and also wrote a book by the name of Tis.

8. That the books entitled Angela's Ashes and Tis are clearly based on a character in "A Couple of Blaguards" and are also intertwined and connected with "A Couple of Blaguards", which entitles the plaintiff, MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS, to forty percent (40%) of the royalties defendant, FRANK McCOURT, has received and will receive from the aforesaid publications.

9. That FRANK McCOURT, as author of Angela's Ashes and as author of Tis, has never paid plaintiff, MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS, his subsidiary rights as set forth in Exhibit A and Exhibit B regarding the aforesaid publications.

WHEREFORE, the plaintiff, MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS, demands judgment against the Defendant, FRANK McCOURT, in the sum of forty percent (40%) of the royalties FRANK McCOURT has received as a result of the publication of Angela's Ashes and Tis; and further seeks an Order of court requiring FRANK McCOURT to account for and pay forty percent (40%) of the royalties received in the future as a result of the aforesaid publications.

Count III

NOW COMES the Plaintiff, MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS, by and through his attorneys, LAW OFFICES OF EDMUND J. SCANLAN LTD., and as his complaint against the Defendant, MALACHY McCOURT, states as follows:

1.-5. The plaintiff realleges and readopts paragraphs one through five of Count I as and for paragraphs one through five of Count III as though fully set forth herein.

6. That pursuant to the "subsidiary rights" as contained in Exhibit A and Exhibit B, the plaintiff, MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS, is entitled to the subsidiary rights which include any books that are connected with the play or with a character in the play.

7. That defendant, MALACHY McCOURT, subsequent to the production of "A Couple of Blaguards" wrote a book entitled A Monk Swimming.

8. That the book entitled A Monk Swimming is clearly based on a character in "A Couple of Blaguards" and is also intertwined and connected with "A Couple of Blaguards", which entitles the plaintiff, MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS, to forty percent (40%) of the royalties MALACHY McCOURT has received from the aforesaid publication.

9. That MALACHY McCOURT, as author of A Monk Swimming, has never paid plaintiff, MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS,

7

his subsidiary rights as set forth in Exhibit A and Exhibit B regarding the aforesaid publication.

WHEREFORE, the plaintiff, MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS, demands judgment against the Defendant, MALACHY McCOURT, in the sum of forty percent (40%) of the royalties MALACHY McCOURT has received as a result of the publication of A Monk Swimming and further seeks an Order requiring MALACHY McCOURT to account for and pay forty percent (40%) of the royalties received in the future as a result of the aforesaid publication.

<u>Count IV</u>

NOW COMES the Plaintiff, MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS, by and through his attorneys, LAW OFFICES OF EDMUND J. SCANLAN LTD., and as his complaint against the defendant, FRANK McCOURT, states as follows:

1.-5.    The plaintiff realleges and readopts paragraphs one through five of Count I as and for paragraphs one through five of Count IV as though fully set forth herein.

6.    That FRANK McCOURT sold his rights in the book Angela's Ashes so that a movie could be produced therefrom.

7.    That the rights to the movie entitled Angela's Ashes are included in the subsidiary rights of the plaintiff pursuant to Exhibit A and Exhibit B in that the characters in Angela's Ashes are the same characters in "A Couple of Blaguards"

8

and further that the movie entitled <u>Angela's Ashes</u> is closely connected with the play, "A Couple of Blaguards".

8.    That the defendant, FRANK McCOURT, has failed to pay the plaintiff, MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS, his forty percent (40%) of the author's payment for the film rights to <u>Angela's Ashes</u>.

WHEREFORE, the plaintiff, MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS, demands judgment against the Defendant, FRANK McCOURT, in a sum of money equal to forty percent (40%) of the author's payment for the film rights to <u>Angela's Ashes</u>.

LAW OFFICES OF EDMUND J. SCANLAN LTD.

By: _____
Edmund J. Scanlan

LAW OFFICES OF EDMUND J. SCANLAN LTD.
Attorneys for the plaintiffs
134 North LaSalle Street
Suite 1700
Chicago, IL      60602
(312) 372-0020
(312) 372-1211 (FAX)



MIKE HOULIHAN

1501 BROADWAY
SUITE 1707
N.Y.C. N.Y. 10036

PHONE 575.2430

COPY

February 17, 1984

Mr. Malachy McCourt
Mr. Frank McCourt

Dear Malachy and Frank:

This letter when countersigned by you shall serve as our agreement regarding Blagguards Productions ("Producer") exclusive option to produce the play currently entitled A COUPLE OF BLAGGUARDS (the "Play") granted from Malachy McCourt and Frank McCourt (the "Authors"). The terms of such option shall be as follows:

GRANT OF RIGHTS: Authors grant to Producer the exclusive right to produce and present the Play in a venue to be determined by Producer which shall include, but not be limited to, Broadway, Off-Broadway touring production, AEA Mini-Contract, cabaret-type theatre, and/or LORT theatres, etc.

PRODUCTION DATE: The rights granted to Producer hereunder shall for a period not to exceed the longer of (a) one year following presentation of the Play at the Village Gate in New York City (the GAte Production") (tentatively scheduled to run from March 13th - March 18th, 1984) or (b) six (6) months following the closing of production which commenced during such one year period.

FEES AND ROYALTIES: (a) With respect to the Village GAte Production, Producer agrees to pay and Authors agree to accept a fee equivalent 1/3 of the net profits received by Producer for such production. payments will be accompanied by copies of box office statements and operating statements; and

(b) With respect to any other productions paid public performances of the Play, five percent (5%) of during box office receipts for such week. All payments will be accompanied of the applicable box office statements.

SUBSIDIARY RIGHTS: At the close of the Village Gate production be entitled to receive and to be paid ten (10%) percent of sidiary rights. Thereafter, if the Play is produced during and should the Play run for 21 public performances (including previews) then Producer will be entitled to receive an additional the Play's subsidiary rights, giving Producer an aggregate _____'s subsidiary rights. Producer's right to share the _____ shall extend for 15 years following the

EXHIBIT "A"

McCourt-page two



COPY

last production hereunder and include, but not be limited to worldwide rights, touring rights to the Play, stock and amateur, publication righ merchandising, motion picture, cable and/or television rights and recor rights.

APPROVALS: Authors shall have the standard rights of approval regardin casting and a director, except that Authors agree that the Producer nee not seek their approval if, and only if, Mike Houlihan is the director of any of the productions of the Play.

AUTHORS" BILLING: Authors shall be accorded credit as both authors of the Play and performers in the Play in a size of type no less than 50% the size of the regular title of the Play.

If the foregoing accurately reflects the agreement by and between Malac and Frank McCourt and Blagguards Productions, please so indicate by sig in the space provided below and until such time as more formal document are executed, let this letter serve as our sole and binding agreement.

Sincerely,

BLAGGUARDS PRODUCTIONS

by: _____
Mike Houlihan

Agreed to and Accepted

by: _____
Malachy McCourt

by: _____
Frank McCourt

COPY

12/2/86

Modification of agreement between
Mike Houlihan (Blackquill Productions) - "Home
+ Melody" + Frank McCourt "Builder"
dated February 17, 1984

The paragraph entitled Subsidiary Rights,
is amended to add the following:

a) Producer's share of all live performances
shall be 40% of 6½% of gross weekly receipts.

b) No motion picture or cable television or
recording shall be made or any contract thereof be
entered into without prior written consent of
Mike Houlihan, until June 10, 2000.

c) The 15 yr period referred to in the Subsidiary
Rights paragraph is deemed to have commenced 6/15/85.

d) Producer's subsidiary rights share has been
paid thru 12/2/86 by check for $950 delivered to Frank McCourt.

e) Author shall account in writing to
Producer as to activity + showing on the play quarterly,
commencing April 1, 1987.

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

JUDGE RONALD GUZMAN

MIKE HOULIHAN d/b/a BLAGUARDS
PRODUCTIONS

MAGISTRATE JUDGE SCHENKIER

## DEFENDANTS

MALACHY McCOURT AND
FRANK McCOURT

DOCKETED
JUN 06 2000

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    COOK COUNTY
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   NEW YORK COUN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Law Offices of Edmund J. Scanlan Ltd.
134 N. LaSalle Street, Ste. 1700
Chicago, IL 60602 (312) 372-0020

ATTORNEYS (IF KNOWN)

# 00C 3390

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Breach of contract - 28 USC 1332

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII.

This case ☒ is not a refiling of a previously dismissed action.

☐ is a refiling of case number_____, previously dismissed by Judge _____

DATE 5/15/00

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# United States District Court

## NORTHERN DISTRICT OF ILLINOIS

### Eastern Division

In the Matter of

MIKE HOULIHAN   d/b/a BLAGUARDS
PRODUCTIONS,    VS.
MALACHY McCOURT and FRANK
McCOURT

**JUDGE RONALD GUZMAN**

Case Number:

**MAGISTRATE JUDGE SCHENKIER**   **00C 3390**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

MIKE HOULIHAN d/b/a BLAGUARDS PRODUCTIONS

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME  EDMUND J. SCANLAN | NAME |
| FIRM  LAW OFFICES/EDMUND J. SCANLAN LTD. | FIRM |
| STREET ADDRESS  134 N. LaSalle, Suite 1700 | STREET ADDRESS |
| CITY/STATE/ZIP  Chicago, IL  60602 | CITY/STATE/ZIP |
| TELEPHONE NO.  (312) 372-0020 | TELEPHONE NO. |
| MEMBER OF TRIAL BAR?  XX Yes  ☐ No | MEMBER OF TRIAL BAR?  ☐ Yes  ☐ No |
| TRIAL ATTORNEY?  XX Yes  ☐ No | TRIAL ATTORNEY?  ☐ Yes  ☐ No |
|  | DESIGNATED AS LOCAL COUNSEL? (SEE ITEM 6 ON REVERSE)  ☐ Yes  ☐ No |
| **(C)** | **(D)** |
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NO. | TELEPHONE NO. |
| MEMBER OF TRIAL BAR?  ☐ Yes  ☐ No | MEMBER OF TRIAL BAR?  ☐ Yes  ☐ No |
| TRIAL ATTORNEY?  ☐ Yes  ☐ No | TRIAL ATTORNEY?  ☐ Yes  ☐ No |
| DESIGNATED AS LOCAL COUNSEL? (SEE ITEM 6 ON REVERSE)  ☐ Yes  ☐ No | DESIGNATED AS LOCAL COUNSEL? (SEE ITEM 6 ON REVERSE)  ☐ Yes  ☐ No |

*PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.*